UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:19-CV-60326 BLOOM
MAGISTRATE JUDGE REID

RODERICK D. LOCKHART,

      Plaintiff,

v.

OFFICER LEBRON,

      Defendant.
_____/

## **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE DISMISSING COMPLAINT - 28 U.S.C. § 1915(e)**

### **I. Introduction**

The Plaintiff, **Roderick Lockhart,** has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983, arising from a July 31, 2017 incident at a Winn Dixie grocery store in Fort Lauderdale, Florida ("Winn Dixie") in which he alleges that he was unlawfully put in a chokehold and forced to the ground before he was handcuffed and transported to jail. (DE#1). The Plaintiff sued Officer Lebron, presumably a City of Fort Lauderdale police officer, for a deprivation of his rights under the United States Constitution. *Id.*  For the reasons discussed below, the

1

Complaint should be dismissed because the Plaintiff has failed to sufficiently state a constitutional claim upon which relief can be granted.

This case has been referred to the undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C), Fed. R. Civ. P. 72(b), S.D. Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2019-02.

Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP") and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). *See Farese v. Scherer,* 342 F.3d 1223, 1228 (11th Cir. 2003) ("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP"). Further, because the Plaintiff is also a prisoner, seeking redress from governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. *See* 28 U.S.C. §1915A; *Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007)(*per curiam*).

## II. <u>Factual Allegations</u>

On July 31, 2017, while the Plaintiff was shopping at Winn Dixie, he was approached by the store manager and asked to leave. (DE#1 at 1).  As he was departing the store he was approached by an unknown male who "handled him aggressively." *Id*.  In the interim, the store manager walked outside the store and

2

summoned a police officer.   The police officer, identified here as Officer Lebron, approached the Plaintiff with his weapon drawn.   After he got behind the Plaintiff, Officer Lebron placed him in a "chokehold, choking [the Plaintiff] as he forced [the Plaintiff] to the ground." *Id*. at 2.   At such time, Officer Lebron was alleged to have said, "alright n*gger, I got you now" and "you f*cking crackhead." *Id*.   The Plaintiff was placed in a patrol car and then transported to the Fort Lauderdale City Jail; however, he later complained of "chronic pain" and was transported to Broward Medical Hospital where x-rays were taken. *Id*. at 3.   The Plaintiff asserts that he had prior "injuries and surgeries" and this encounter with Officer Lebron "caused [him] to suffer additional chronic pains."   *Id.*   The Plaintiff is seeking $1.5 million dollars in compensatory damages and $200,000 in punitive damages from Officer Lebron.

### III. Standard of Review- 28 U.S.C. §1915(e)

Pursuant to 18 U.S.C. § 1915(e)(2)(B)(ii), where a plaintiff is proceeding IFP, the complaint must be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018).   Pursuant to § 1915A, a case is also subject to dismissal where a plaintiff seeks redress from the government if the complaint fails to state a claim on which relief may be granted. *Id*.

3

In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. *Hughes v. Lott,* 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Attorney*, 693 F. App'x 784, 785 (11th Cir. 2018)(*per curiam*). Complaints filed by *pro se* prisoners are held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner,* 404 U.S. 519, 520 (1972)(*per curiam*). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018)(citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*).

To "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright,* 740 F. App'x at 694.

To state a claim for relief under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).   Under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Neitzke v. Williams*,

490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Furthermore, the same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   There is no required technical form, but "each allegation must be simple, concise, and direct." *Id.* at 8(d)(1).   The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(quotation omitted)(ellipses in original).   Additionally, each separate claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

"Precedent also teaches, however, that a court, of course, should not abandon its neutral role and begin creating arguments for a party, even an unrepresented one."

5

*Sims v. Hastings*, 375 F. Supp. 2d 715, 718 (N.D. Ill. 2005)(citing *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). A district court may not rewrite a pleading to include claims that were never presented. *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999). The court may also not construct a litigant's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993); or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). When read liberally, a *pro se* pleadings "should be interpreted 'to raise the strongest arguments that [it] suggest[s]." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)(quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

## IV. Discussion

The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. M.S. Connor, et. al.,* 490 U.S. 386, 396 (1989).   As a result, "the application of *de minimis* force, without more, will not support a claim for excessive force in violation of the Fourth Amendment." *Myers v. Bowman,* 713 F.3d 1319, 1327 (11th Cir. 2013) (citation and internal quotation marks omitted); s*ee, e.g., Rodriguez v. Farrell,* 280 F.3d 1341, 1351 (11th Cir.2002) (in the course of arrest, officer handcuffed plaintiff in a manner that caused him injury and pain); *Nolin v. Isbell,* 207 F.3d 1253, 1255,

6

1258 & n. 4 (11th Cir. 2000) (during the course of arrest, officer grabbed plaintiff and shoved him against a van, kneed him in the back and pushed his head against the van, searched his groin area, and then handcuffed him).

Here, the Plaintiff alleges that Officer Lebron approached him with his gun drawn. (DE#1 at 2).   After Officer Lebron stood behind the Plaintiff, he "placed his gun in his holster." *Id.*   Then he placed the Plaintiff "in a chokehold, choking [him] as he forced [him] to the ground." The Plaintiff maintains that he was "not a threat, posed no threat, and was unarmed." *Id*.   The Plaintiff contends that as the officer was "forcing me to the ground" he made two derogatory statements. *Id*.   Officer Lebron then placed him in handcuffs and transported him to jail.   This is the extent of the excessive force used by Officer Lebron.

As a result of this "excessive force", the Plaintiff was later transported from the jail to a medical center for evaluation of "chronic pain." *Id*. at 3.   The Plaintiff asserts that "[a]s a result of the action of Officer Lebron, I have been caused to suffer additional chronic pains."   *Id*.   This is the extent of the Plaintiff's injuries.

Accepting all these factual allegations as true, the Plaintiff had failed to state a claim upon which relief can be granted; his Complaint should be dismissed.

> In order to balance an arrestee's constitutional rights against the government's need to use some force in making an arrest, the Supreme Court has established a number of factors for lower courts to evaluate in considering claims of excessive force. These factors include, *"the*

7

> *severity of the crime at issue, whether the suspect poses an immediate*
> *threat to the safety of the officers or others, and whether he is actively*
> *resisting arrest or attempting to evade arrest by flight*." *Id.*
> *(citing Garner* at 8–9).

*McRae v. Knapp*, No. 11-00361, 2012 WL 2681832, at \*6 (S.D. Ala. July 6, 2012)

(citing *Graham v. M.S. Connor, et. al*, 490 U.S. 386, 395 (1989) (emphasis added).

Considering the first and second *Graham* factors, severity of the crime, and immediate threat to the safety of officer and others, the Plaintiff acknowledges that when the store manager summoned Officer Lebron, she was "under the assumption that a fight had began [sic]." *Id.*   Accepting the Plaintiff's facts as true, Officer Lebron could have reasonably believed he was arriving at the scene of an assault; unaware if the Plaintiff was armed.   At that point in time, a reasonable officer could have perceived the Plaintiff to be violent and a danger to others.   Therefore, it was not excessive for Officer Lebron to brandish his firearm; moreover, he holstered it before he arrested the Plaintiff. This was reasonable. The "calculus of reasonableness" must embody allowance for the fact that police officers are often forced to make split-second judgments in tense, uncertain, and rapidly changing situations. *Graham,* 490 U.S. at 395.   As to the third *Graham* factor, the Plaintiff alleges that he was not resisting arrest; the Court accepts this allegation as true.

Having evaluated all three *Graham* factors, at best, Officer Lebron used what is properly categorized as a *de minimis* amount of physical coercion in order to arrest the Plaintiff.   "[A] *de minimus* use of force cannot support a claim for excessive use of force." *Skrtich v. Thornton,* 280 F.3d 1295, 1302 (11th Cir. 2002).   In the process of arresting the Plaintiff, Officer Lebron placed him in a chokehold from behind and forced him to the ground.   It is important to note that at the time he was placed in a chokehold and forced to the ground, he had not yet been handcuffed; Officer Lebron did not have the benefit of hindsight to know that the Plaintiff was not carrying a weapon.   *See Crosby v. Monroe County*, 394 F.3d 1328 (11th Cir. 2004).

Moreover, these actions are not necessarily uncommon nor excessive.   While the Plaintiff did not resist arrest, in the Eleventh Circuit, we recognize that the typical arrest involves some force and injury."   *See Nolin v. Isbell,* 207 F.3d 1253, 1257–58 (11th Cir. 2000). "Painful handcuffing, without more, is not excessive force in cases where the resulting injuries are minimal." *Rodriguez v. Farrell*, 280 F,3d 1341, 1352 (11th Cir. 2002).   Once handcuffed, the Plaintiff does not allege that any excessive force was used; rather, he alleged that he was simply placed in the patrol car and transported to jail.

Further, while not dispositive but noteworthy, the alleged injury to the Plaintiff caused by this *de minimis* use of force was an amorphous claim of

9

"additional chronic pains." (DE#1 at 3).   Following arrest, the Plaintiff was transported to jail and then Broward Medical Hospital due to "chronic pain." (DE#1 at 3).   X-rays were taken.   However, the Plaintiff has failed to allege any diagnosed injury or condition.

Finally, the use of derogatory names by Officer Lebron and directed at the Plaintiff is abhorrent and should not be condoned.   However, it does not rise to the level of a federal constitutional violation.   *See Hilton v. Sec'y for the Dept. of Corr.*, 170 F. App'x 600 (11th Cir. 2005) ("no legal authority supports Hilton's proposition that Tifft's alleged statement, that he was going to "kick [Hilton's] black ass," amounts to a constitutional violation.").

Accepting all allegations made in the Complaint as true, the Plaintiff is unable to prove a set of facts that would entitle him to relief.   A more careful construction of the factual allegations made by the Plaintiff would likely still not state a claim of excessive force.   Nonetheless, the Complaint should be dismissed with leave to amend.

## V. <u>Recommendations</u>

Based upon the foregoing, it is recommended that:

(1)     the complaint be DISMISSED, pursuant to 28 U.S.C.
        § 1915(e)(b)(ii), for failure to state a claim of excessive force
        against the Plaintiff

(2)    the case be CLOSED.

Notwithstanding the foregoing, it is also recommended that Plaintiff be permitted to amend the complaint to cure the deficiencies, **if he so chooses,** by a date certain. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002)(citations omitted)(finding that § 1915(e)(2)(B)(ii) does not allow the district court to dismiss an *in forma pauperis* complaint without allowing leave to amend when required under Fed. R. Civ. P. 15.); *see also*, *Allen v. Evans,* 2011 WL 1162386 at *3 (D. Del. Mar. 29, 2011)(finding that before dismissal of a complaint or claim for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §1915, the court must grant plaintiff leave to amend the complaint, unless amendment would be inequitable or futile)(citing *Grayson v. Mayview State Hospital,* 293 F.3d 103, 114 (3rd Cir. 2002)). Plaintiff should be warned that failure to amend by the given date may result in dismissal of this action under §1915(e) and the case remaining closed since Plaintiff has failed to state a claim upon which relief can be granted.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings

11

accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993).

SIGNED this 17th day of April , 2019.

_____

UNITED STATES MAGISTRATE JUDGE

cc:

Roderick D. Lockhart
571804510
Broward County Jail-NBB
North Broward Bureau
Inmate Mail/Parcels
Post Office Box 407037
Ft. Lauderdale, FL 33340
PRO SE

12